UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY CIMINO | CIVIL ACTION |
| VERSUS | NO. 14-1925 |
| DEBRA SIROIS, et al | SECTION "C"(5) |

### ORDER AND REASONS

This matter comes to the court on defendants' Motion to Dismiss. Rec. Doc. 6. Plaintiff has not filed an opposition. Having considered the record, the law, and the submissions, the court will GRANT the defendants' motion and dismiss the complaint in its entirety WITHOUT PREJUDICE.

### BACKGROUND

This lawsuit arises out of a car collision between plaintiff, Anthony Cimino, and defendant, Debra Sirois ("Ms. Sirois") on I-10 Service Road in Jefferson Parish. Plaintiff filed suit on August 22, 2014 seeking recovery for property damage and personal injuries from Ms. Sirois and her insurer, USAA Casualty Insurance Company ("USAA"). Plaintiff asserts that the Court has jurisdiction over this action under 28 U.S.C. §1332. On September 29, 2014, defendants filed a motion to dismiss for lack of subject matter jurisdiction, alleging that complete diversity between the parties does not exist. Rec. Doc. 6. Per defendants, USAA and Ms. Sirois are both citizens of Louisiana for diversity jurisdiction purposes, and not foreign citizens as plaintiff alleges in the complaint. *Id.* Plaintiff has not filed an opposition to the motion to

dismiss.

## STANDARD OF REVIEW

"A motion under 12(b)(1) should be granted only if it appears certain that plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In deciding a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court is free to weigh the evidence and resolve factual disputes. *Krim v. PcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction has the burden of proving that it exists. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

## ANALYSIS

The Court finds that defendants have shown that both USAA and Ms. Sirois are citizens of Louisiana, and that the Court therefore lacks jurisdiction over this action. Defendants state that USAA is a reciprocal interinsurance exchange with members in Louisiana. Rec. Doc. 6-3. Defendants argue that interinsurance exchanges should be treated as unincorporated associations for the purposes of establishing jurisdiction, therefore USAA's citizenship must be determined by the citizenship of each of its constituent members. Rec. Doc. 6-1 at 3. The Court agrees. Other Courts of this district and the Tenth Circuit Court of Appeals have held that a reciprocal interinsurance exchange is to be treated as an unincorporated association for the purposes of determining diversity jurisdiction. *Bilger v. Pereira*, 2000 WL 1182526 (E.D.La. 8/21/2000). *See also*, *Tuck v. United States Auto Ass'n*, 859 F.2d 842, 844 (10th Cir. 1989) The citizenship of an entity other than a corporation is determined by the citizenship of its constituent members.

*Temple Drilling, Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). Because USAA has members domiciled in Louisiana, USAA is a citizen of Louisiana. To support these claims, defendants have introduced an affidavit from USAA's litigation manager stating that USAA is an unincorporated association with members in Louisiana. Rec. Doc. 6-3. In addition, defendants point out that other sections have previously dismissed actions against USAA based upon lack of complete diversity because its members reside in all fifty states. *Ourso v. United Servs. Auto. Ass'n*, 2007 WL 275902, *2 (E.D. La. 1/25/2007) ("USAA is a reciprocal interinsurance exchange with members in Louisiana."); *Norton v. Gurley*, 2000 WL 1408168 (E.D. La. 9/25/2000) ("USAA has members residing in all fifty states."); *Isidore v. USAA Ins. Co.*, 2009 WL 1564807 (La. E.D. 6/2/09) ("USAA is an interinsurance exchange... with members residing in all fifty states"). Since plaintiffs have not provided evidence or arguments in opposition, defendants have established that USAA is a citizen of Louisiana for diversity jurisdiction purposes.

In addition, defendants have provided an affidavit from Ms. Sirois stating that her primary residence and domicile is in Marrero, Louisiana, that she has lived in the same home for twelve years, and she has worked full-time as a nurse at the West Jefferson Medical Center for twenty-one years. Rec. Doc. 6-5 at 1-2. Ms. Sirois has also attached a copy of a recent check stub and a tax assessment of her home in Marrero. *Id*. at 4-5. Ms. Sirois states that though she owns a house in Alabama, it was purchased as a future retirement home and occasional vacation home. *Id.* at 2. Thus, defendants have shown evidence that Ms. Sirois is a citizen of Louisiana. Because both Ms. Sirois and USAA have shown that they are citizens of Louisiana, where plaintiff is also domiciled, the Court lacks subject matter jurisdiction over this action.

Accordingly,

IT IS ORDERED that defendants' Motion to Dismiss is GRANTED. Rec. Doc. 6.

Judgment dismissing the complaint without prejudice shall enter accordingly.

New Orleans, Louisiana, this 22nd day of October 2014.

                                                         _____
                                                         HELEN G. BERRIGAN
                                                         UNITED STATES DISTRICT JUDGE